STATE OF NORTH CAROLINA v. STANLEY LEE CAMPBELL

No. 7921SC545

(Filed 20 November 1979)

**Burglary and Unlawful Breakings § 5.8; Larceny § 7.13— breaking and entering apartment—insufficiency of evidence**

In a prosecution for breaking and entering an apartment and larceny therefrom, evidence was insufficient to be submitted to the jury where it tended to show that a truck entered the apartment parking lot on three occasions and that two males, including defendant, were seen in the truck, but the evidence did not place defendant in the apartment or with any property that was stolen therefrom, and defendant was never seen entering or coming out of the apartment.

APPEAL by defendant from *Graham, Judge.* Judgment entered 21 March 1979 in Superior Court, FORSYTH County. Heard in the Court of Appeals 23 October 1979.

Defendant was tried for felonious breaking and entering and larceny from the demonstration or model apartment for the Monticello Apartments complex in Winston-Salem. The jury returned a verdict of not guilty to the larceny charge and a verdict of guilty to the breaking or entering charge. From this conviction and active prison sentence, defendant appeals.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General Acie L. Ward, for the State.*

*Eubanks, Walden and Mackintosh, by Bruce A. Mackintosh, for defendant appellant.*

VAUGHN, Judge.

Defendant assigns as error the denial of his motions for dismissal at the close of the State's evidence and at the close of all the evidence. The crucial question is whether there is evidence to show that defendant broke into or entered the apartment. The evidence in the light most favorable to the State is, in summary, as follows.

Beatrice M. Dean was living in the apartment just above the model apartment in the Monticello Apartments. She saw a truck later identified as belonging to defendant's father come into the complex three times. The first time she saw it, it was loaded with furniture. She observed only a black female arranging furniture in the trunk of a small sports car that was behind the truck. She did not see any of the people who were in the truck or the apartment on any of the three occasions.

Gary Goins, the apartments manager, was called by Ms. Dean about 11:00 p.m. He went to the model apartment and found the front door open and some of the furniture missing. He and one of the owners decided to wait and see if the thieves would return. They were there when the truck arrived the second time. Before they could call the police and get to the model apartment, the truck left. Mr. Goins saw two males in the truck. Mr. Goins was also present when the truck appeared the third time. A police car also arrived. It was seen by someone inside the model apartment who closed the front door. The officer and Doug Owens went up to the model apartment and opened the door. Goins then noticed a window screen protruding out and saw two male figures running along the side of the building. Goins gave chase but lost the two. When he stopped the chase and came back to the parking lot, defendant was in the back of the patrol car.

Doug Owens, an owner of the apartments, was called by the manager, Goins, and told of the break-in. As he was coming to the apartments to meet the police and Goins, he met a light-colored Jeep truck containing two males. He was present when the truck came to the complex the second time. After the second visit, Owens got in his car and waited. When the truck appeared the third time, Owens saw defendant and another male get out of the truck. He did not see either person go into the apartment. When a patrol car arrived, he and a police officer went up to the door of

the apartment. He waited outside while the officer searched the place and found no one there. They went back to the truck and defendant walked up. Owens identified him as the person who got out of the driver's side of the truck. The officer then arrested defendant. Defendant walked up to the truck a few minutes after Goins gave chase to the two men.

T. L. Lemmons, a Winston-Salem police officer, was called to the scene and talked to Owens at 11:21 p.m. Owens told him of the break-in and that they were going to wait to see if anyone returned. Officer Lemmons was called to the scene again at approximately 1:00 a.m. When he arrived, Goins and Owens informed him that two men were inside the apartment. When he went up to the apartment, he did not see anyone else around the area. He found no one in the apartment. He and Owens were returning to the truck when defendant walked up to it. Owens identified him as the man who got out of the truck and walked towards the model apartment. Officer Lemmons then arrested defendant.

That part of defendant's evidence, which does not conflict with that offered by the State, tends to show the following. Audry Thomas, a friend of defendant, spent most of the evening at a club with defendant. She heard a third person plead with defendant to let him borrow the truck belonging to defendant's father. Defendant consented. Later, the third person returned to the club and convinced defendant to leave with him. Defendant testified that he was at a club with a friend on the evening of the break-in. Early in the evening a third person whom he knew as Pool convinced him to allow him to use his truck. Later, this person returned and convinced him to go with him to Monticello Apartments. At no time was defendant made aware that anyone was breaking into an apartment or stealing furniture. He drove Pool to the apartments. He was directed to another part of the building to find a friend of Pool. No one answered the door so he went back outside and saw the police officer by his truck.

The evidence does not place defendant in the apartment or with any property that was stolen therefrom. The only time defendant is placed on the scene is the third time the truck came to the complex. He is never seen entering or coming out of the apartment. The evidence is sufficient only to raise a suspicion

that defendant participated in the break-in. Defendant's motion to dismiss should have been granted. *State v. Poole*, 285 N.C. 108, 203 S.E. 2d 786 (1974).

Reversed.

Judges ERWIN and HILL concur.